FILED

2009 OCT 14 P 3: 51

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| JOHN ZAPPOLA, | ) CASE NO. CV 09 704138 |
| | ) |
| Plaintiff/Counterclaim Defendant. | ) JUDGE JOSE A. VILLANUEVA |
| | ) |
| v. | ) **ANSWER AND COUNTERCLAIM** |
| | ) |
| ROCK CAPITAL SOUND CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| GARY J. JURIST, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| RCS CORPORATION, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| HUGHIE'S AUDIO VISUAL SERVICE, INC., | ) |
| c/o David M. Wheeler, Statutory Agent | ) |
| 1260 E. 38th Street | ) |
| Cleveland, Ohio 44114, | ) |
| | ) |
| Counterclaim Defendant. | ) |

Now come Defendants Rock Capital Sound Corporation ("RCSC"), RCS Corporation ("RCS

Corp.), and Gary J. Jurist ("Jurist") (collectively referred to herein as "Defendants"), by and through

their undersigned counsel, and for their Answer to the Complaint of Plaintiff John Zappola, state as follows:

## ANSWER TO COUNT ONE

1. Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that RCSC is an Ohio Corporation, RCS Corp. is a registered fictitious name of RCSC, and that RCSC provides, *inter alia*, sound, lighting, staging and other equipment and services to be used to stage shows, entertainment, and other programs needing such equipment. Further answering, Defendants admit that Gary J. Jurist is an individual and is an employee of RCSC. Defendants deny any remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny any allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant did not breach any legal duty to Plaintiff.

3. Plaintiff may not recover any damages because he has breached his employment agreement with Defendants.

4. Plaintiff has not sustained any damages proximately or actually caused by Defendant.

5. Plaintiff has failed to mitigate his damages, if any.

6. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

7. Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

**WHEREFORE,** Defendants demand that the claims against them raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in their favor, and that they recover their costs and expenses, including reasonable attorneys' fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

<u>**COUNTERCLAIM**</u>

Now come Defendant/Counterclaim Plaintiff Rock Capital Sound Corporation ("Counterclaim Plaintiff" or "RCSC"), by and through its undersigned counsel, and for its Counterclaim against Plaintiff/Counterclaim Defendant John Zappola and Counterclaim Defendant Hughie's Audio Visual Service, Inc. (collectively, "Counterclaim Defendants"), states as follows:

<u>**PARTIES**</u>

1. Rock Capital Sound Corporation ("RCSC") is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio.

2. Upon information and belief, Plaintiff/Counterclaim Defendant John Zappola is an individual and former employee of RCSC. During his employment, Zappola provided services for RCSC in Cuyahoga County, Ohio.

3. Upon information and belief, Hughie's Audio Visual Service, Inc. ("Hughie's") is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio. Zappola is a current employee of Hughie's and is doing business with or performing services for Hughie's in Cuyahoga County, Ohio.

<u>**JURISDICTION AND VENUE**</u>

4. This Court has jurisdiction over this matter pursuant to R.C. § 2305 *et seq.*

5.  Venue is proper in Cuyahoga County pursuant to Ohio Rule of Civil Procedure 3. Specifically, venue is proper in this Court because all or part of the claim for relief arose in Cuyahoga County and because Hughie's resides in Cuyahoga County.

## FACTS COMMON TO ALL COUNTS

6.  Zappola is a former employee of RCSC, and, during his employment with RCSC, Zappola entered into an employment agreement with RCSC (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as Exhibit 1.

7.  During his employment with RCSC, Zappola was paid by RCSC through a commission structure.

8.  During calendar year 2009, Zappola received a draw in advance of the compensation due to him (the "Compensation Advance").

9.  Zappola left his employment with RCSC on or about August 28, 2009.

10.  At the time of Zappola's departure, Zappola had a negative net profit for calendar year 2009 and thus owed RCSC certain commissions, representing the deficit between the Compensation Advance and his net profit, pursuant to the Agreement.

11.  Additionally, the Agreement provides the following: "Employee agrees during or after the term of this employment, not to reveal confidential information or trade secrets to any person, firm, corporation, or entity" and states that RCSC may obtain injective and/or judicial relief for breach of the Agreement.

12.  Upon information and belief, since his departure from RCSC, Zappola has taken employment with Hughie's.

13.  Hughie's provides sound, lighting, and staging-related services and equipment for use in stage shows, entertainment, and conventions and is a competitor of RCSC.

14. While in the scope and performance of his employment with Hughie's, Zappola has disparaged RCSC's products and/or services to RCSC's current and potential clients.

15. Moreover, Zappola has also wrongfully used RCSC's confidential information and trade secrets in the scope and performance of his employment with Hughie's.

## COUNT I
### (Commissions Due and Owing to RCSC Pursuant to the Agreement)

16. RCSC incorporates its allegations in Paragraphs 1-15 set forth above as if fully restated herein.

17. Zappola signed and executed the Agreement attached hereto as Exhibit 1.

18. During his employment with RCSC, Zappola was paid by RCSC through a commission structure.

19. Further, Zappola was paid a Compensation Advance pursuant to the Agreement for calendar year 2009.

20. At the time of Zappola's departure, his net profits were negative for calendar year 2009, resulting in a deficit between his Compensation Advance and his net profit.

21. Pursuant to the Agreement, RCS has a right to recoup any deficit between the Compensation Advance and Zappola's net profit.

## COUNT II
### (Unjust Enrichment)

22. RCSC incorporates its allegations in Paragraphs 1-21 set forth above as if fully restated herein.

23. Zappola is not entitled to, but has retained, the deficit between his Compensation Advance and his net profit for calendar year 2009.

24. This deficit amount rightfully belongs to RCSC pursuant to the Agreement.

25. Zappola was aware of the deficit between his Compensation Advance and his net profit for calendar year 2009 and of RCSC's right to recoup this amount.

26. Zappola has wrongfully withheld this deficit amount and his retention of it is unjust.

27. As a result, Zappola has been unjustly enriched at RCSC's expense.

## COUNT III
### (Breach of Contract)

28. RCSC incorporates its allegations in Paragraphs 1-27 set forth above as if fully restated herein.

29. Zappola signed and executed the Agreement attached hereto as Exhibit 1.

30. The Agreement states that "Employee agrees during or after the term of this employment, not to reveal confidential information or trade secrets to any person, firm, corporation, or entity."

31. Zappola has breached this provision of the Agreement by revealing RCSC's confidential information and/or trade secrets to Hughie's.

32. As a result of Zappola's breach, RCSC have suffered actual damages in an amount that is believed to be in excess of $25,000.00, and Zappola has been unjustly enriched by virtue of that breach.

## COUNT IV
### (Unfair Competition)

33. RCSC incorporates its allegations in Paragraphs 1-32 set forth above as if fully restated herein.

34. Zappola has unfairly competed with RCSC by maliciously circulating and publicizing false rumors regarding RCSC, its employees, officers, directors, and shareholders, in an effort to harm RCSC's business.

35. Zappola's unfair competition was done during the scope and in furtherance of his

employment with Hughie's, and Hughie's is thus liable for his conduct under the doctrine of *respondeat superior*.

36. As a result of Zappola and Hughie's misconduct, RCSC has suffered actual damages in an amount that is believed to be in excess of $25,000.00, and Zappola and Hughie's have been unjustly enriched by their unfair competition.

<u>**COUNT V**</u>
**(Misappropriation of Trade Secrets)**

37. RCSC incorporates its allegations in Paragraphs 1-36 set forth above as if fully restated herein.

38. RCSC's trade secrets, including, but not limited to, its customer lists, sales strategies, customer files, sales methods, pricing models, product information and customer information are valuable and secret in the sense that they are not generally known to RCSC's competitors nor to the general public.

39. RCSC has taken reasonable efforts to maintain the secrecy of its trade secrets.

40. Zappola had access to and acquired RCSC's trade secrets during his employment relationship with RCSC.

41. Prior to and following his separation from RCSC, Zappola willfully and maliciously misappropriated RCSC's trade secrets by using and/or disclosing these trade secrets to Hughie's.

42. Zappola and Hughie's have used RCSC's trade secrets to their business advantage and have interfered with and misappropriated RCSC's customer contracts through the use of such trade secrets.

43. As a result of Zappola and Hughie's misconduct, RCSC's has suffered actual damages in an amount that is believed to be in excess of $25,000.00, and Zappola and Hughie's have been unjustly

enriched by their misappropriation of RCSC's trade secrets.

44. RCSC is entitled to exemplary damages, as well as recovery of its reasonable attorney's fees, pursuant to the Ohio Trade Secrets Act.

## COUNT VI
### (Tortious Interference with
### Contract and Business Relationships)

45. RCSC incorporates its allegations in Paragraphs 1-44 set forth above as if fully restated herein.

46. Ohio common law prohibits the tortious interference with a party's contractual and business relationships.

47. RCSC had existing business relationships with the customers throughout the United States, and has a business expectation of such relationships with its potential customers throughout the United States.

48. Zappola had knowledge of RCSC's contractual and business relationships with its customers.

49. Zappola has tortiously interfered with RCSC's contractual and business relationships through the misappropriation of RCSC's trade secrets, breach of the Agreement, and unfair competition.

50. Hughie's has tortiously interfered with RCSC's contractual relations by inducing, facilitating and encouraging Zappola to misappropriate RCSC's trade secrets, including, but no limited to, its customer lists.

51. Zappola and Hughie's were not justified in their actions.

52. As a result Zappola and Hughie's misconduct, RCSC has suffered actual damages in an amount that is in excess of $25,000.00.

53. Zappola and Hughie's misconduct was intentional, malicious and done with actual malice and, therefore, RCSC is entitled to exemplary damages, as well as recovery of its reasonable

attorney's fees.

**WHEREFORE**, Counterclaim Plaintiff RCSC demands judgment in its favor and prays for damages and such further relief as follows:

1.  Damages in excess of $25,000, including compensatory damages, consequential damages, punitive and/or exemplary damages, prejudgment interest, attorneys' fees, and costs;

2.  An Order preliminarily enjoining Zappola from further breaching the Agreement;

3.  An Order preliminarily enjoining Zappola and Hughie's from further infringing RCSC's trade secrets;

4.  An Order preliminarily enjoining from Zappola and Hughie's from further unfair competition;

5.  An Order preliminarily enjoining Zappola and Hughie's from further tortious interference with RCSC's prospective business and/or contractual relations; and

6.  Such other relief in law or equity that this Court deems just and appropriate.

Respectfully submitted,

David A. Campbell (0066494)
Charles F. Billington III (0083143)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone:  216-479-6100
Facsimile:  216-479-6060
E-mail:   cfbillington@vorys.com
           dacampbell@vorys.com

*Attorneys for Defendants/Counterclaim Plaintiff*

## **REQUEST FOR SERVICE**

**TO THE CLERK OF COURTS:**

Please serve summons, together with a copy of the foregoing Counterclaim upon

Counterclaim Defendant Hughie's Audio Visual Service, Inc., by mailing the same to the address

provided in the caption on this complaint by certified mail, return receipt requested.

Respectfully requested,

David A. Campbell
*One of the Attorneys for Defendants/Counterclaim Plaintiff*

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent via regular U.S. mail, postage-prepaid, this 14ᵗʰ day of October, 2009, to:

James M. Johnson, Esq.
1600 Illuminating Building
55 Public Square
Cleveland, Ohio  44113
*Attorney for Plaintiff/Counterclaim
Defendant John Zappola*

_____
*One of the Attorneys for Defendants/Counterclaim
Plaintiff*

11

10/13/2009 6836065

FILED

2010 FEB 24  P 2: 40

GERALD C. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JOHN ZAPPOLA | ) | CASE NO. CV 09 704138 |
| | ) | |
| Plaintiff/Counterclaim Defendant | ) | JUDGE JOSE A. VILLANUEVA |
| | ) | |
| -vs- | ) | **ANSWER OF COUNTERCLAIM** |
| | ) | **DEFENDANT, HUGHIE'S AUDIO VISUAL** |
| ROCK CAPITAL SOUND CORPORATION, et al | ) | **SERVICE, INC.** |
| | ) | |
| Defendant/Counterclaim Plaintiff | ) | **JURY DEMAND ENDORSED HEREON** |

Now comes Counterclaim Defendant, Hughie's Audio Visual Service, Inc., (hereinafter referred to as "HAVS," unless otherwise specified), by and through counsel, and for its Answer to Defendant/Counterclaim Plaintiff, Rock Capital Sound Corporation's, (hereinafter referred to as "RCSC," unless otherwise specified) Counterclaim, states as follows:

1.     HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 1 of RCSC's Counterclaim.

2.     HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 2 of RCSC's Counterclaim.

3.    HAVS admits the allegations contained in paragraph 3 of RCSC's Counterclaim.

4.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 4 of RCSC's Counterclaim.

5.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 5 of RCSC's Counterclaim.

6.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 6 of RCSC's Counterclaim.

7.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 7 of RCSC's Counterclaim.

8.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 8 of RCSC's Counterclaim.

9.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 9 of RCSC's Counterclaim.

10.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 10 of RCSC's Counterclaim.

11.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 11 of RCSC's Counterclaim.

12.   HAVS admits the allegation in paragraph 12.

13.   HAVS admits the allegations in paragraph 13.

14.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 14 of RCSC's Counterclaim.

15.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 15 of RCSC's Counterclaim.

2

16.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 16 of RCSC's Counterclaim.

17.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 17 of RCSC's Counterclaim.

18.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 18 of RCSC's Counterclaim.

19.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 19 of RCSC's Counterclaim.

20.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 20 of RCSC's Counterclaim.

21.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 21 of RCSC's Counterclaim.

22.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 22 of RCSC's Counterclaim.

23.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 23 of RCSC's Counterclaim.

24.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 24 of RCSC's Counterclaim.

25.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 25 of RCSC's Counterclaim.

26.    HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 26 of RCSC's Counterclaim.

27.    HAVS denies for want of knowledge or information sufficient to state the truth or

veracity of the allegations as contained in paragraph 27 of RCSC's Counterclaim.

28.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 28 of RCSC's Counterclaim.

29.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 29 of RCSC's Counterclaim.

30.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 30 of RCSC's Counterclaim.

31.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 31 of RCSC's Counterclaim.

32.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 32 of RCSC's Counterclaim.

33.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 33 of RCSC's Counterclaim.

34.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 34 of RCSC's Counterclaim.

35.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 35 of RCSC's Counterclaim.

36.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 36 of RCSC's Counterclaim.

37.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 37 of RCSC's Counterclaim.

38.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 38 of RCSC's Counterclaim.

39.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 39 of RCSC's Counterclaim.

40.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 40 of RCSC's Counterclaim.

41. . HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 41 of RCSC's Counterclaim.

42.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 42 of RCSC's Counterclaim.

43.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 43 of RCSC's Counterclaim.

44.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 44 of RCSC's Counterclaim.

45.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 45 of RCSC's Counterclaim.

46.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 46 of RCSC's Counterclaim.

47.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 47 of RCSC's Counterclaim.

48.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 48 of RCSC's Counterclaim.

49.   HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 49 of RCSC's Counterclaim.

50.   HAVS denies for want of knowledge or information sufficient to state the truth or

veracity of the allegations as contained in paragraph 50 of RCSC's Counterclaim.

51.  HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 51 of RCSC's Counterclaim.

52.  HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 52 of RCSC's Counterclaim.

53.  HAVS denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 53 of RCSC's Counterclaim.

## AFFIRMATIVE DEFENSES

54.  This Counterclaim Defendant, Hughie's Audio Visual Service, Inc., denies all statements, allegations and averments contained in the Complaint which are not specifically admitted as true.

55.  The Complaint should be dismissed for lack of jurisdiction over subject matter.

56.  The Complaint should be dismissed for lack of jurisdiction over person.

57.  The Complaint should be dismissed for improper venue.

58.  The Complaint should be dismissed for insufficiency of process.

59.  The Complaint should be dismissed for insufficiency of service.

60.  The Complaint fails to state a claim upon which relief can be granted.

61.  The Defendant/Counterclaim Plaintiff has failed to join an indispensable party under Rule 19 or Rule 19.1.

62.  The Defendant/Counterclaim Plaintiff's claims are barred by assumption of risk.

63.  The Defendant/Counterclaim Plaintiff's claims are barred by contributory negligence.

64.  The Defendant/Counterclaim Plaintiff's claims are barred by estoppel and/or waiver.

65.  The Defendant/Counterclaim Plaintiff's claims are barred by the applicable statute of limitations.

66.     The Defendant/Counterclaim Plaintiff's alleged damages were caused by a substantial intervening, superseding cause not of this Counterclaim Defendant's doing.

67.     The Defendant/Counterclaim Plaintiff's recovery is barred or reduced based upon the percentage of comparative fault attributable to Defendant/Counterclaim Plaintiff.

68.     Defendant/Counterclaim Plaintiff's claims are barred or reduced by release, settlement, accord and satisfaction, double recovery and/or other limitations of damages under operation of common law, equity, and/or by statute.

69.     Defendant/Counterclaim Plaintiff failed to exercise ordinary and reasonable care to mitigate certain of the alleged damages.

70.     This Counterclaim Defendant reserves the right to assert additional defenses as discovery and case development reveal.

WHEREFORE, Counterclaim Defendant, Hughie's Audio Visual Service, Inc., demands that the Complaint be dismissed and that judgment be entered in Counterclaim Defendant's favor, with costs to the Defendant/Counterclaim Plaintiff.


                                         _____
                                         Richard L. Demsey, Esquire
                                         S. Ct. No. 0003518

                                         RICHARD L. DEMSEY CO., L.P.A.
                                         U.S. Bank Centre
                                         1350 Euclid Avenue, Suite 1550
                                         Cleveland, Ohio 44115
                                         Tel: 216-263-7900; Fax: 216-263-7901
                                         Email: rdemsey@demseylaw.com

                                         Attorney for Counterclaim Defendant
                                         Hughie's Audio Visual Service, Inc.

7

## JURY DEMAND ENDORSED HEREON

A trial by jury by the maximum number of jurors permitted by law is hereby demanded.

Richard L. Demsey, Esquire
S. Ct. No. 0003518

Attorney for Counterclaim Defendant
Hughie's Audio Visual Service, Inc.

8

## CERTIFICATE OF SERVICE

Counterclaim Defendant, Hughie's Audio Visual Service, Inc., served the foregoing

ANSWER OF COUNTERCLAIM DEFENDANT, HUGHIE'S AUDIO VISUAL SERVICE, INC., by

ordinary U.S. mail on the following this 24TH day of February 2010.

David A. Campbell, Esq.
Charles F. Billington III, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH 44114

Attorneys for Defendants
Rock Capital Sound Corporation
Gary J. Jurist
RCS Corporation

Attorneys Counterclaim Plaintiff
Rock Capital Sound Corporation

James M. Johnson, Esq.
James M. Johnson Co., L.P.A.
1600 Illuminating Building
55 Public Square
Cleveland, OH 44113

Attorney for Plaintiff
John Zappola

Richard L. Demsey, Esquire
S. Ct. No. 0003518

Attorney for Counterclaim Defendant
Hughie's Audio Visual Service, Inc.

(I:\Demsey\Files\Hughies - RCS\Answer.wpd)

9